**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARK W. WILSON**                                                                        **PETITIONER**

**VS.**                    **CASE NO.: 5:12CV00120 SWW/BD**

**RAY HOBBS, Director,**                                           **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Susan Webber Wright. Mr. Wilson – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.** **Background**

  On October 4, 2006, Mark W. Wilson pleaded guilty to possessing over 100 pounds of marijuana with intent to deliver; possession of ecstasy with intent to deliver; possession of methamphetamine with intent to deliver; and simultaneous possession of drugs and firearms. (docket entry #6-1) As a result of the plea, a Garland County, Arkansas jury sentenced Mr. Wilson to an aggregate forty-year term of imprisonment in the Arkansas Department of Correction. (#6-2)

  Mr. Wilson appealed his sentence, and the Arkansas Court of Appeals affirmed the judgment on September 19, 2007. *Wilson v. State*, 100 Ark.App. 14, 262 S.W.3d 628 (2007).

  Mr. Wilson did not raise an ineffective assistance of counsel claim under Rule 37 of the Arkansas Rules of Criminal Procedure. Instead, he raised various ineffective assistance of counsel claims in a state habeas corpus petition filed on September 7, 2011, in the Garland County Circuit Court. (#6-4) On September 20, 2011, the state court denied Mr. Wilson's petition because ineffective assistance of counsel claims are not cognizable in State habeas proceedings. (#6-6). Mr. Wilson did not appeal the denial of his state habeas petition.

On April 4, 2012, Mr. Wilson filed the pending federal petition for writ of habeas corpus. (#1)  In it, he alleges that his trial counsel was under the influence of controlled substances at the time counsel was providing legal advice. (#1)  Mr. Wilson alleges that counsel's conduct violated his Sixth Amendment right to adequate counsel. (#1)  Respondent contends that the petition is time-barred and that the claims are procedurally defaulted. (#6)

Subsequently, Mr. Wilson filed an amended petition, alleging that he is actually innocent of the firearms charge to which he pled guilty. (#8)

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus proceeding under 28 U.S.C. § 2254.  The limitation period generally begins to run from the date the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Wilson entered a guilty plea to the charges leading to his 40-year sentence. (#6-1)  He appealed his sentence, and the Arkansas Court of Appeals affirmed on September 19, 2007.  *Wilson*, 100 Ark.App. 14, 262 S.W.3d 628.  Mr. Wilson had eighteen days to seek rehearing or discretionary review of the Court of Appeal's decision, but did neither.  Ark.S.Ct.R. 2-4(a).

On October 9, 2007, at the end of the eighteen-day period, the mandate issued. On that date, the one-year limitations period began to run. See *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-654 (2012) (judgment becomes final when a petitioner's time for seeking review with the State's highest court expires).

In some circumstances, the one-year limitations period does not begin to run until the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). The factual predicate of a claim is determined by the essential facts underlying the claim. *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)(quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3rd Cir.2007)).

In this case, the factual predicate for the defense Mr. Wilson claims – that his firearms were in a storage building – was either known or could have been discovered by the time of sentencing. One argument he makes in support of his claim that his lawyer was ineffective is that he received a longer sentence than his lawyer promised. This was clear the moment the State court imposed Mr. Wilson's sentence. His other argument, that he was told inculpatory evidence would not be presented during sentencing, was apparent the moment inculpatory evidence was presented at the sentencing hearing.

In his amended petition, Mr. Wilson also alleges, without any support, that at the time his counsel was providing legal advice, counsel was under the influence of

controlled substances.[1]  (#8, ¶7)  Mr. Wilson stated in his original petition that his counsel "may have been impaired" and claimed that counsel requested controlled substances from him.  (#1, ¶16)  If this is true, through the exercise of due diligence, Mr. Wilson would have discovered the alleged substance abuse at the time counsel asked him about obtaining controlled substances.  Regardless, all of the prejudice he allegedly suffered was apparent of the time of sentencing.

Mr. Wilson filed this federal habeas petition on April 4, 2012 – obviously more than a year after October 9, 2007, the day his conviction became final, and well after he could have discovered the factual predicate to his claims.  Accordingly, his claims are barred by the one-year statute of limitations, unless the limitations period was tolled.

  A.  *Statutory Tolling*

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  But Mr. Wilson did not file a Rule 37 petition, which is the proper avenue to raise an ineffective assistance of counsel claim in Arkansas.  Instead, he filed a petition for writ of habeas corpus on September 7, 2011, which the State court denied on September 20, 2011.  (#6-4, #6-6).

---

[1] Mr. Wilson claims to attach an "Order of Probation" of his defense counsel as Exhibit "A" to both his petition and amended petition.  (#1, #8)  No exhibits were included with either petition.

The State petition was not proper because it was not an available avenue for bringing the claims. But even if the State petition were deemed to have tolled the statute of limitations, Mr. Wilson still cannot clear the limitations hurdle. More than four years elapsed between the conclusion of direct review and the filing of this federal petition. This time counts toward the one-year limitations period. See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (the time between the date that direct review of a conviction is completed and the date that an application for post-conviction relief is filed counts against the one-year period).

Even had his State petition been a "properly filed" post-conviction application, there is little chance that the filing would provide a basis for statutory tolling. See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (statute of limitations period is not tolled during the pendency of a proceeding commenced after the limitations period has expired). Here, Mr. Wilson filed his State habeas petition almost four years after his conviction became final.

Giving Mr. Wilson every conceivable benefit, the fact remains that he failed to act from at least October 9, 2007, until September 7, 2011. This time span exceeds the one-year limitations period.

Based on this time calculation, Mr. Wilson's federal petition was untimely. It cannot be saved based on statutory tolling. So, his claims are barred unless they can be saved by equitable tolling.

B.     *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner who invokes equitable tolling, however, bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Id*. at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

In any event, Mr. Wilson does not argue that equitable tolling applies here. (#1, #8) Even months after Respondent argued that the petition was time-barred, Mr. Wilson failed to make any explicit argument in support of equitable tolling in his amended petition. (#8) The only possible support for equitable tolling is Mr. Wilson's claim that he is actually innocent of the firearm charge.

Mr. Wilson's claim of actual innocence rests on his assertion that the firearms were located in a storage facility and, thus, were not readily accessible for use under Ark. Code Ann. § 5-74-106. (#8) As Mr. Wilson correctly notes, inaccessibility of a firearm is a defense to prosecution. (#8, p. 4) See ARK. CODE ANN. § 5-74-106(d); *Thomason v. State*, 91 Ark.App. 128, 208 S.W.3d 830 (2005). Claiming to have a potential defense, one which Mr. Wilson did not test in any State forum, is insufficient to show actual

7

innocence.  Even if it were sufficient, Mr. Wilson would still not be entitled to rely on equitable tolling.

In this Circuit, equitable tolling is not available, even when a petitioner is claiming actual innocence, unless the State's conduct, or circumstances over which the petitioner had no control, made it impossible to file a timely petition.  *Flanders v. Graves*, 299 F.3d 974, 976-977 (8th Cir. 2002).

The Supreme Court of the United States has held that equitable tolling available in "appropriate cases."  *Holland*, 130 S.Ct. at 2560.  But equitable tolling is only available when a petitioner has been pursuing his rights diligently and some extraordinary circumstance prevented a timely filing.  *Id*. at 2563.

Mr. Wilson does not claim that the conduct of any State actor made it impossible, or even difficult, for him to raise the claims he now brings.  He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him, in the exercise of reasonable diligence, from discovering and raising his claims in a timely habeas petition.  Mr. Wilson does not offer any acceptable reason for his delay.

This is not a case where Mr. Wilson overran the statute of limitations by days, weeks, or months.  The Arkansas Court of appeals affirmed his conviction and sentence four-and-a-half years before he filed the pending petition.

At the very least, Mr. Wilson had to show reasonable diligence.  "Reasonable diligence" is not "maximum feasible diligence."  *Id*. at 2565 (citing referenced omitted).

Mr. Wilson was clearly alerted to the statute of limitations problem by Respondent's filing, well before Mr. Wilson filed his amended petition. Still, he gave no reason for his delay.

Based on the record here, the Court cannot conclude that Mr. Wilson diligently pursued his rights. Accordingly, equitable tolling cannot save his federal petition. Giving him the benefit of every doubt, the time that elapsed from the date his conviction became final until the date he first attempted to present this issue to the State renders this federal petition time-barred. Because the petition is time-barred, the Court will not address procedural default or the merits of the claims.

## IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Wilson has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Wilson has not provided a basis for issuing a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V. Conclusion

Mr. Wilson's petition is time-barred. For that reason, the Court recommends that his petition for writ of habeas corpus be DENIED, with prejudice, and that he not be afforded a certificate of appealability.

DATED this 21st day of August, 2012.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE